UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X Civ. No. __________
CYNTHIA NOIA,

Plaintiff,

COMPLAINT

-against-

ORTHOPEDIC ASSOCIATES OF
LONG ISLAND,

Defendant.
-----------------------------------------------------------------------X

**PRELIMINARY STATEMENT**

1. This is a civil rights action brought pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et. seq. and § 12201 et. seq. ("ADA") seeking a declaratory judgment and monetary damages caused by the named defendant, its agents, servants and employees and those acting in active concert with actual notice as a result of discrimination based on Plaintiff's disability and perceived disability and retaliation for complaining about the same. Plaintiff also presents a supplemental claim under New York State Executive Law § 296 et. seq.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1331. Jurisdiction is premised upon the existence of federal questions and/or the deprivation of federally protected rights. This Court also has supplemental jurisdiction over New York State law claims pursuant to 28 U.S.C. § 1367, which are part of the same case and controversy.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1343 because this action includes claims under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq.

4. Plaintiff has satisfied all conditions precedent for bringing this action. This claim was duly presented to the United States Equal Employment Opportunity Commission ("EEOC") and on December 19, 2013 the EEOC issued a right to sue letter prior to completing its investigation because it was unable to complete its administrative processing of the charge within 180 days from its filing. This action is filed within 90 days of the receipt of that notice.

5. This Court has authority to declare the rights and legal relations of the parties, pursuant to 28 U.S.C. §§ 2201 and 2202 because this is a case of actual controversy with this Court's jurisdiction.

**PARTIES**

6. The Plaintiff, Cynthia Noia, is a natural person who at all times relevant to this action resided and continues to reside at 32 Ash Dr., Medford, NY 11763.

7. Defendant, Orthopedic Associates of Long Island, is a domestic corporation organized under the laws of the State of New York and authorized to do business in the State of New York. It maintains its principle place of business in New York at 6 Technology Dr., #100, East Setauket, NY 11733.

**STATEMENT OF FACTS**

8. The Plaintiff, Cynthia Noia ("Ms. Noia") has been suffering from Dermatomyositis, an uncommon autoimmune disorder which began her to sustain muscle weakness, pain and degeneration, skin rashes and discoloration, difficulty swallowing, fatigue, weight loss and hair loss. Her illness caused her employer to discriminate against her based on her disability, perceived disability, and age.

9. Ms. Noia worked for Defendant Orthopedic Associates of Long Island ("OALI")

as a Key Assistant for Dr. Steven M. Puopolo beginning in May 2004. Up until August 2013, she had an excellent working relationship with Dr. Puopolo and he had been more than satisfied with her work performance.

10. As the Key Assistant for Dr. Poupolo, she was responsible for the day-to-day management of his practice including the scheduling of surgeries, patient contact, billing issues and other administrative duties.

11. With the exception of some isolated interoffice personnel issues, Ms. Noia has always maintained and excellent working relationship with Dr. Puopolo and he has been more than satisfied with her work performance.

12. Not surprisingly, Ms. Noia's medical condition has been quite challenging. Yet, notwithstanding her condition, she continued to perform her job duties as a Key Assistant with excellence and remained ready willing and able to perform all of her job duties. But unfortunately, OALI saw fit to discriminate against Ms. Noia due to her disability and perceived inability to perform her duties.

13. Specifically, on August 5, 2013, OALI altered the terms and conditions of Ms. Noia's employment in a profoundly negative way by demoting her to the position once held by *her* assistant and cutting her salary significantly. Moreover, the position that she was placed into was only temporary since she was filling in for a co-worker who was going out on maternity leave in September 2013.

14. In a futile effort to create a justifying paper trail, Ms. Lynn Kudla of OALI prepared a performance review dated July 11, 2013, claiming that Ms. Noia "needed improvement" in virtually all the categories listed on the pre-printed form. Even more, in the

comments section, Ms. Kudla claimed that Ms. Noia needed improvement regarding her "work performance, quality of work, [and] attitude towards patients and employees." Ms. Kudla also claimed Ms. Noia's "performance and attitude" were worse than last year. Yet no particular examples of these alleged deficiencies were articulated. To date none have been provided because the evaluation is an obvious pretext for discrimination.

15. On August 6, 2013, Ms. Noia's attorney sent a letter to OALI, which outlined her discrimination claims as set out above. And on August 14, 2013, she was informed that her hours were being cut from 40 hours per week to 32 hours per week. Ms. Noia firmly believes that this reduction in hours was in direct retaliation to her complaints of discrimination as set forth in her August 6, 2013 attorney's correspondence.

16. Ms. Noia also believes that in addition to OALI discriminating against her based on her disability and perceived disability, OALI is discriminating against her because of her age. She is over 50 years old and was at the top of her pay scale when she was demoted with a reduction in salary. Upon information and belief, OALI has replaced Ms. Noia with a younger woman who is being paid substantially less money than Ms. Noia had been earning.

## FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION
## IN VIOLATION OF 42 U.S.C. § 12101 et. seq.

17. Plaintiff incorporates the proceeding paragraphs herein the same as though pleaded in full.

18. Defendant OALI through its employees and/or agents has engaged in intentional unlawful discrimination in violation of 42 U.S.C. § 12101 et. seq., by failing to accommodate and demoting Plaintiff from her position, cutting her salary, and hiring a younger less

experienced employee to take her place.

19. Defendant OALI, through its employees and/or agents failed to take any remedial measures when Plaintiff complained about the discrimination described herein.

20. As a result of this unlawful discrimination, the Plaintiff was caused to suffer a denial of equal terms, benefits and privileges of his employment, including constructive discharge, lost income, as well as shame, humiliation, mental anguish, anxiety and emotional distress.

**SECOND CAUSE OF ACTION**

**RETALIATION IN**
**VIOLATION OF 42 U.S.C. § 12201 et. seq.**

21. Plaintiff incorporates the proceeding paragraphs herein the same as though pleaded in full.

22. Defendant, OALI through its employees and/or agents have engaged in intentional unlawful retaliation against the Plaintiff in violation of 42 U.S.C. § 2000e et. seq., by creating a hostile work environment after Plaintiff complained about what she in good faith believed to be unlawful discrimination. Ultimately this retaliation culminated in the unlawful and discriminatory reduction of Plaintiff's work hours and constructive discharge.

23. As a result of this unlawful retaliation, the Plaintiff was caused to suffer a denial of equal terms, benefits and privileges of his employment, including constructive discharge, lost income, as well as shame, humiliation, mental anguish, anxiety and emotional distress.

**THIRD CAUSE OF ACTION**

**VIOLATION OF NEW YORK STATE EXECUTIVE LAW § 296 et. seq.**

24. Plaintiff incorporates the proceeding paragraphs herein the same as though pleaded in full.

25. Defendant OALI, through its employees and/or agents, has engaged in intentional unlawful discrimination in violation of New York Executive Law § 296 et. seq. by profoundly, and without justification, by failing to accommodate and demoting Plaintiff from her position, cutting her salary, and hiring a younger less experienced employee to take her place.

26. The Defendant failed to take any remedial measures when Plaintiff complained about the discrimination described herein.

27. As a result of this unlawful discrimination, the Plaintiff was caused to suffer a denial of equal terms, benefits and privileges of his employment, including constructive discharge lost income, as well as shame, humiliation, mental anguish, anxiety and emotional distress.

**FOURTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF NEW YORK STATE EXECUTIVE LAW § 296 et. seq.**

28. Plaintiff incorporates the proceeding paragraphs herein the same as though pleaded in full.

29. Defendant OALI through its employees and/or agents engaged in intentional unlawful retaliation against the Plaintiff in violation of New York Executive Law§ 296 et. seq. by creating a hostile work environment after Plaintiff complained about what she in good faith

believed to be unlawful discrimination. Ultimately this retaliation culminated in the unlawful and discriminatory reduction in Plaintiff's work hours and constructive discharge.

30. As a result of this unlawful retaliation, the Plaintiff was caused to suffer a denial of equal terms, benefits and privileges of his employment, including constructive discharge lost income, as well as shame, humiliation, mental anguish, anxiety and emotional distress.

**JURY DEMAND**

31. The Plaintiff demands a jury on all triable issues.

WHEREFORE, the Plaintiff Cynthia Noia prays for the following relief:

A. A declaratory judgment finding that Defendant has engaged in discrimination based on Plaintiffs disability and perceived disability in violation of Federal and State laws as set out in the First and Third Causes of Action;

B. A declaratory judgment finding that Defendant has engaged in retaliation in violation of Federal and State laws as set out in the Second and Fourth Causes of Action;

C. Judgment against the Defendant after trial for Plaintiff on his First, Second, Third and Fourth Causes of Action;

D. Compensatory damages to be decided by a jury;

E. Punitive damages to be decided by a jury;

F. Costs, disbursements and reasonable attorneys fees;

G. Any other and further relief that this Court deems necessary and proper in the interests of justice.

Dated: January 30, 2014

Respectfully submitted,

*/s/ Brian W. Raum*

Brian W. Raum, Esq. (BR-1967)
*Law Offices of Brian W. Raum, Esq.*
99 Wall Street, 19th Floor

New York, NY 10005
ph: 646-742-8626
fax:646-205-1617
email: RaumLaw@gmail.com