UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CYNTHIA NOIA,

Plaintiff,

Docket No.: 14-cv-1730 (ADS)(WDW)

-against-

**ANSWER**

ORTHOPEDIC ASSOCIATES OF LONG ISLAND,

Defendant.
----------------------------------------------------------------x

Defendant, ORTHOPEDIC ASSOCIATES OF LONG ISLAND, by its attorneys, MIRANDA SAMBURSKY SLONE SKLARIN VERVENIOTIS LLP, hereby answers the plaintiff's Complaint (hereinafter referred to as "complaint") as follows:

1. Denies the allegations contained in paragraph "1" of the complaint, except admits that the allegations of paragraph "1" summarize the claims advanced at bar.

2. Denies the allegations contained in paragraph "2" of the complaint, except admits the Court has jurisdiction over federal claims but should not exercise supplemental jurisdiction over state claims.

3. Admits the allegations contained in paragraph "3" of the complaint.

4. Denies the allegations contained in paragraph "4" of the complaint, except admits that this action was filed within 90 days of the issuance of the right to sue letter.

5. Admits the allegations contained in paragraph "5" of the complaint.

6. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the complaint.

7. Admits the allegations contained in paragraph "7" of the complaint.

8. Denies the allegations contained in paragraph "8" of the complaint.

9. Denies the allegations contained in paragraph "9" of the complaint, except admits that Ms. Noia worked for Orthopedic Associates of Long Island.

10. Admits the allegations contained in paragraph "10" of the complaint.

11. Denies the allegations contained in paragraph "11" of the complaint.

12. Denies the allegations contained in paragraph "12" of the complaint.

13. Denies the allegations contained in paragraph "13" of the complaint.

14. Denies the allegations contained in paragraph "14" of the complaint, except admits that Ms. Kudla prepared a performance review dated July 11, 2013 (prior to the transfer) that stated Ms. Noia "needed improvement" or was "unsatisfactory" in all categories and had gotten worse over the past year; and that the 2012 performance review was also negative.

15. Denies the allegations contained in paragraph "15" of the complaint.

16. Denies the allegations contained in paragraph "16" of the complaint.

**ANSWERING THE FIRST CAUSE OF ACTION**

17. As to paragraph "17", defendant repeats, reiterates, and realleges the denials set forth above to the allegations contained in paragraphs "1" through "16" of the complaint.

18. Denies the allegations contained in paragraph "18" of the complaint.

19. Denies the allegations contained in paragraph "19" of the complaint.

20. Denies the allegations contained in paragraph "20" of the complaint.

**ANSWERING THE SECOND CAUSE OF ACTION**

21. As to paragraph "21", defendant repeats, reiterates, and realleges the

denials set forth above to the allegations contained in paragraphs "1" through "20" of the complaint.

22. Denies the allegations contained in paragraph "22" of the complaint.

23. Denies the allegations contained in paragraph "23" of the complaint.

**ANSWERING THE THIRD CAUSE OF ACTION**

24. As to paragraph "24", defendant repeats, reiterates, and realleges the denials set forth above to the allegations contained in paragraphs "1" through "23" of the complaint.

25. Denies the allegations contained in paragraph "25" of the complaint.

26. Denies the allegations contained in paragraph "26" of the complaint.

27. Denies the allegations contained in paragraph "27" of the complaint.

**ANSWERING THE FOURTH CAUSE OF ACTION**

28. As to paragraph "28", defendant repeats, reiterates, and realleges the denials set forth above to the allegations contained in paragraphs "1" through "27" of the complaint.

29. Denies the allegations contained in paragraph "29" of the complaint.

30. Denies the allegations contained in paragraph "30" of the complaint.

**AFFIRMATIVE DEFENSES**

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

31. The complaint fails to state a cause of action against defendant upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

32. Plaintiff's claims are barred, in whole or in part, by the applicable statute

of limitations.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

33. Plaintiff voluntarily resigned her position when she failed to appear for work.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

34. Plaintiff was not constructively discharged from her position.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

35. Plaintiff’s claims are barred to the extent that defendant took reasonable care to prevent and promptly correct any harassing and/or discriminatory behavior and plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided or to avoid harm otherwise.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

36. That defendant did not discriminate against plaintiff on the basis of her alleged disability, age or status in any other protected class.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

37. Plaintiff is not a "qualified individual" within the meaning of the Americans with Disabilities Act.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

38. Plaintiff does not suffer from a "protected disability" within the meaning of the Americans with Disabilities Act.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

39. Plaintiff is not perceived as an individual with a disability within the meaning of the Americans with Disabilities Act.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

40. Plaintiff is not a "qualified individual with a disability" within the meaning of the New York State Human Rights Law.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

41. Plaintiff never requested an accommodation from defendant.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

42. Plaintiff was unable to perform the essential functions of her job, with or without reasonable accommodation.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

43. Plaintiff was not subjected to a hostile work environment based upon her alleged disability.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

44. Plaintiff was not retaliated against for any alleged protected activity under the American with Disabilities Act as any alleged adverse actions began before any alleged protected activity.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

45. Defendant did not violate New York State Human Rights Law by retaliating against for her alleged good faith complaints regarding defendant's alleged unlawful discrimination.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

46. All actions taken by defendant with respect to plaintiff were taken for legitimate, non-discriminatory and non-retaliatory reasons.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

47. None of defendant's actions with regard to plaintiff's employment were pretextual in nature.

**AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE**

48. All actions taken against plaintiff were the result of her own culpable conduct.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

49. Plaintiff did not suffer any lost wages.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

50. Defendant denies that plaintiff has suffered any emotional, or psychological damage whatsoever as a result of actions taken by answering defendant.

Dated: Mineola, New York
April 24, 2014

MIRANDA SAMBURSKY SLONE
SKLARIN VERVENIOTIS LLP
Attorneys for Defendant
ORTHOPEDIC ASSOCIATES OF LONG
ISLAND

/s
By:________________________________
Michael A. Miranda (MAM-6413)
240 Mineola Boulevard
The Esposito Building
Mineola, New York 11501
(516) 741-7676

TO: all counsel of record - via ECF Filing