**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
CYNTHIA NOIA,

        Plaintiff,

                                                      **DECISION AND ORDER**
      -against-                        14-cv-1730 (ADS)(SIL)

ORTHOPEDIC ASSOCIATES OF LONG
ISLAND,

        Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Cantor Epstein & Mazzola, LLP**
*Attorneys for the Plaintiff*
49 West 37th Street
7th Floor
New York, NY 10018
        By: Bryan J. Mazzola, Esq.
            Jacqueline Aiello, Esq., Of Counsel

**Miranda Sambursky Slone Sklarin Verveniotis LLP**
*Attorneys for the Defendant*
240 Mineola Blvd
Mineola, NY 11501
        By: Michael A. Miranda, Esq.
            Michael T. Cataldo, Esq., Of Counsel

**SPATT, District Judge**.

        Presently pending before the Court is a motion by the Plaintiff Cynthia Noia (the "Plaintiff") pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a)(2) for leave to file an amended complaint. For the reasons set forth, the motion is granted in part and denied in part.

## I.  BACKGROUND

Unless stated otherwise, the following facts are drawn from the original complaint.

The Plaintiff, at all times relevant to this action, is an individual who has resided and continues to reside at 32 Ash Drive Medford, NY 11763.

The Defendant Orthopedic Associates of Long Island (the "Defendant") is a New York corporation that maintains its principal place of business at 6 Technology Drive, #100 East Setauket, NY 11733.

The Plaintiff suffers from Dermatomyositis, an uncommon autoimmune disorder which caused her to suffer muscle weakness, pain and degeneration, skin rashes and discoloration, difficulty swallowing, fatigue, weight loss, and hair loss.

The Plaintiff worked for the Defendant as a Key Assistant for Dr. Steven M. Puopolo beginning in May 2004.  Until August 2013, the Plaintiff enjoyed an excellent working relationship with Dr. Puopolo, who had been more than satisfied with her job performance.

As the Key Assistant for Dr. Puopolo, the Plaintiff was responsible for the day-to-day management of his medical practice including the scheduling of surgeries, patient contact, billing issues, and other administrative duties.  The Plaintiff alleges that, notwithstanding her medical condition, she performed her job duties as a Key Assistant with excellence and remained ready, willing, and able to perform all of her job duties.

Nevertheless, the Plaintiff alleges, the Defendant discriminated against her due to her disability and perceived inability to perform her duties.  Specifically, on August 5, 2013, the Defendant altered the terms and conditions of the Plaintiff's employment "in a profoundly negative way by demoting her to the position once held by her assistant and cutting her salary significantly." (Compl., at ¶13.)

2

The Plaintiff further alleges that, in an effort to create a paper trail justifying its actions taken against her, Lynn Kudla ("Kudla"), an employee of the Defendant, composed a performance review dated July 11, 2013 which claimed that the Plaintiff "needed improvement" in nearly all the categories listed on the pre-printed form. (Id. at ¶14.)   In the comments section, Kudla claimed that the Plaintiff needed improvement regarding her "work performance, quality of work, [and] attitude towards patients and employees." (Id.)  Kudla characterized the Plaintiff's "performance and attitude" as worse than the prior year. (Id.)  However, the Plaintiff asserts that no examples of these alleged performance deficiencies were provided to her.

On August 6, 2013, the Plaintiff's attorney sent a letter to the Defendant, outlining her claims of discrimination.

On August 14, 2013, the Plaintiff was informed that her hours were being reduced from 40 hours per week to 32 hours per week.  The Plaintiff is of the belief that this reduction in hours was in direct retaliation to her complaints of discrimination set forth in her attorney's August 6, 2013 correspondence.

The Plaintiff further alleges that the Defendant discriminated against her on the basis of her age.  When the Plaintiff was "demoted" with a reduced salary, she was more than 50 years old and at the top of her pay scale. (Id. at ¶16.)  The Plaintiff alleges, upon information and belief, that the Defendant replaced her with a younger woman who was being paid substantially less money than the Plaintiff had been earning.

On March 17, 2014, the Plaintiff commenced this action asserting disability-based discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. and New York State Executive Law § 296 *et seq.* (the "New York State Human Rights Law or NYSHRL").

3

On December 10, 2014, the Plaintiff moved, pursuant to Fed. R. Civ. P. 15(a)(2), for leave to file an amended complaint. In particular, the Plaintiff seeks to assert claims of discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq.* ("ADEA"), and the Family Medical Leave Act 29 U.S.C. 2601 *et seq.* ("FMLA"). The Plaintiff also seeks to further set forth the facts supporting the pending causes of action and to include Dr. Puopolo to as a defendant.

The Defendant limits its opposition to the Rule 15(a)(2) motion to that portion of the proposed amended complaint which seeks to add Dr. Puopolo as a defendant. Therefore, the Court grants the balance of the motion to amend as unopposed. The Court addresses the Defendant's challenge to that part of the Plaintiff's motion to add Dr. Puopolo as a defendant.

## II. DISCUSSION

Rule 15(b) provides that leave to amend pleadings should be freely given when justice so requires. "When determining whether to grant leave to amend, district courts consider: (i) whether the party seeking the amendment has unduly delayed; (ii) whether that party is acting in good faith; (iii) whether the opposing party will be prejudiced; and (iv) whether the amendment will be futile." Gorman v. Covidien Sales, LLC, No. 13 CIV. 6486 (KPF), 2014 WL 7404071, at *2 (S.D.N.Y. Dec. 31, 2014). "Ultimately, the decision to grant or deny a request to amend is within the discretion of the district court." Corrado v. New York State Unified Court Sys., No. CV 2012-1748 (DLI)(MDG), 2014 WL 4626234, at *6 (E.D.N.Y. Sept. 15, 2014); see also John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994).

Where, as here, a proposed amendment adds a new party, the propriety of amendment is governed by Rule 21 of the Federal Rules of Civil Procedure. Momentum Luggage & Leisure Bags v. Jansport, Inc., No. 00 Civ. 7909 (DLC), 2001 WL 58000, at *1–2 (S.D.N.Y. Jan. 23,

2001). That Rule states that a party may be added to an action "at any time, on just terms." Fed. R. Civ. P. 21. In deciding whether to permit joinder, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." Soler v. G & U, Inc., 86 F.R.D. 524, 528 (S.D.N.Y. 1980)(quoting Fair Housing Development Fund Corp. v. Burke, 55 F.R.D. 414, 419 (E.D.N.Y. 1972)); accord Cortlandt v. Westchester County, No. 07 Civ. 1783 (MDF), 2007 WL 3238674, at *4 (S.D.N.Y. Oct. 31, 2007); Momentum Luggage, 2001 WL 58000, at *2. Thus, joinder will be permitted absent undue delay, bad faith, prejudice, or futility.

Here, the Defendant maintains that any amendment to add claims against Dr. Puopolo would be futile. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Annunziato v. Collecto, Inc., 293 F.R.D. 329, 333 (E.D.N.Y. 2013)(citing Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002)). "Therefore a proposed amendment is not futile if it states a claim upon which relief can be granted." Waltz v. Board of Educ. of Hoosick Falls Cent. School Dist., No. 1:12–CV–0507 (GTS)(CFH), 2013 WL 4811958, *4 (N.D.N.Y. Sept. 10, 2013)(citations omitted).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 67, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). On a motion to dismiss, the Court "take[s] the factual allegations of the complaint to be true and draw[s] all reasonable inferences in the plaintiff's favor." Warren v. Colvin, 744 F.3d 841, 843 (2d Cir. 2014). "In ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered

5

in support thereof." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 113 (2d Cir. 2010)(internal quotation marks and citations omitted).

In the case at bar, the Defendant contends that the proposed federal claims against Dr. Puopolo fail as a matter of law because neither the ADA, ADEA, nor the FMLA provide for individual liability.

It is well-established that the ADA and ADEA "do not provide for individual liability; rather, only against the employer." Garnett-Bishop v. New York Cmty. Bancorp, Inc., No. 12-CV-2285 (ADS)(ARL), 2014 WL 5822628, at *16 (E.D.N.Y. Nov. 6, 2014)(quoting Warshun v. New York Cmty. Bancorp, Inc., 957 F. Supp. 2d 259, 267 (E.D.N.Y. 2013)(Spatt, J.)(citing Patterson v. Cnty. of Oneida, 375 F.3d 206, 221 (2d Cir. 2004).  Therefore, the Plaintiff's motion to amend is denied to the extent she seeks to add claims under the ADA and ADEA against Dr. Puopolo.

The proposed FMLA claim against Dr. Puopolo requires greater consideration.  Personal liability under the FMLA depends on whether the individual qualifies as an "employer" under section 2611(4)(A) (ii)(I).

"In determining individual liability under the FMLA, district courts in this Circuit have applied the 'economic reality' test adapted from the Fair Labor Standards Act context." Corrado, 2014 WL 4626234, at *8.  Under the economic reality test, "the Court must determine 'whether each named individual defendant controlled in whole or in part plaintiff's rights under the FMLA.'" Smith v. Westchester Cty., 769 F. Supp. 2d 448, 475 (S.D.N.Y. 2011)(quoting Holt v. Welch Allyn, Inc., No. 95–CV–1135 (RSP)(GJD), 1997 WL 210420, at *2 (N.D.N.Y. 1997)); see Singh v. N.Y. State Dept. of Taxation and Fin., 911 F. Supp. 2d 223, 242 (W.D.N.Y. 2012).  "The economic reality test is a factual inquiry that does not bear on the sufficiency of pleadings."

Augustine v. AXA Fin., Inc., No. 07 CIV. 8362, 2008 WL 5025017, at *1 (S.D.N.Y. Nov. 24, 2008); see Hernandez v. Habana Room, Inc., No. 11 CIV. 1264 (RMB)(JCF), 2012 WL 423355, at *3 (S.D.N.Y. Feb. 9, 2012)(rejecting futility arguments aimed at the FLSA claim against individual defendants where the proposed amended complaint alleged that they "have all participated in the management and operations" of the corporate defendant and that "they each have the power to hire and fire employees, set wages and schedules, and retain their records on behalf of [the corporate defendant]."); Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 128 (E.D.N.Y. 2011)(holding owner liable on default based on allegations in complaint that he "had authority over personnel decisions, authority over payroll decisions, and authority to hire and fire employees"); Shin Won Kang v. Inno Asset Development, LLC, No. 08 CV 4848 (SLT)(JMA), 2011 WL 1674554, at *6 (E.D.N.Y. Jan. 28, 2011)(holding individual defendant liable on default based on allegation that he owned and managed employer corporation).

The applicable regulations to the FMLA indicate that courts should look to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 for guidance here:

> An 'employer' includes any person who acts directly or indirectly in the interest of an employer to any of the employer's employees.  The definition of employer in section 3(d) of the Fair Labor Standards Act (FLSA), 29 U.S.C. 203(d), similarly includes any person acting directly or indirectly in the interest of an employer in relation to an employee.  As under the FLSA, individuals such as corporate officers 'acting in the interest of an employer' are individually liable for any violations of the requirements of FMLA.

29 C.F.R. § 825.104(d); see Smith v. Westchester Cnty., 769 F. Supp. 2d 448, 476 (S.D.N.Y. 2011); Johnson v. A.P. Products, Ltd., 934 F. Supp. 625, 628 (S.D.N.Y. 1996)

In this case, the allegations contained in the proposed amended complaint directed to the basis for Dr. Puopolo's individual liability under the FMLA are as follows: At all times relevant, Dr. Puopolo was an owner, member, and/or principal of the Defendant and that he enjoyed

7

supervisory authority over the Plaintiff, including the power to make decisions with respect to the terms and conditions of her employment.

However, the Court need not decide whether the Plaintiff has adequately alleged a basis for individual liability against Dr. Puopolo under the FMLA. This is because the Plaintiff fails to allege direct involvement by Dr. Puopolo in the alleged FMLA violation by the Defendant. This is fatal to the Plaintiff's proposed FMLA claim against Dr. Puopolo. Adams v. Shipman, No. 1:13CV858, 2014 WL 4924299, at *9 (M.D.N.C. Sept. 30, 2014)("Although Plaintiff has alleged that Defendants Shipman and Timmons had supervisory authority over Human Resources and, as an extension, the decisions of Defendants Hennike and Cahill, Plaintiff has failed to allege any direct involvement in the alleged FMLA violation by Defendants Shipman and Timmons."); see also Crittendon v. Arai Americas, Inc., No. 2:13–CV–567 (RGD), 2014 WL 354517, at *4 (E.D. Va. 2014)("An individual who exercises *supervisory authority over the complaining employee and was responsible in whole or in part for the alleged violation* while acting in the employer's interest is subject to individual liability under the FMLA." (emphasis added)(citation omitted)). As such, the Court denies that part of Plaintiff's Rule 15(a) motion to amend the complaint to assert a FMLA claim against Dr. Puopolo.

Although the Defendant argues that the Court should not exercise supplemental jurisdiction over the Plaintiff's proposed state law claims against Dr. Puopolo, the Court disagrees.

The Court has discretion to exercise supplemental jurisdiction over state law claims inasmuch as the claims are so related to the pending federal claims that "they form part of the same case or controversy." 28 U.S.C. § 1367(a); see Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004)("A state law claim forms part of the same controversy if it

and the federal claim derive from a common nucleus of operative fact." (internal quotation marks omitted)).  Here, the proposed state law claims against Dr. Puopolo are so related and, in light of the fact that this case will proceed in this Court with respect to the Defendant, there is good reason, including judicial economy, to exercise supplemental jurisdiction. See e.g., Stokes v. City of Mount Vernon, N.Y., No. 11 Civ. 7675 (VB), 2013 WL 1222720, at * 1–2 (S.D.N.Y. Mar. 25, 2013)(exercising supplemental jurisdiction over state law claims against individual defendants because the state claims "ar[o]se from the same common nucleus of operative fact" as the remaining federal claim against a municipal defendant (internal quotation marks omitted)); Bektic–Marrero v. Goldberg, 850 F. Supp. 2d 418, 434–35 (S.D.N.Y. 2012)(exercising supplemental jurisdiction when certain federal claims were dismissed because "pendent state law claims . . . [were] sufficiently related to the remaining" federal claims against other defendants).

The Defendant's reliance on Ponticelli v. Zurich Am. Ins. Grp., 16 F. Supp. 2d 414, 439 (S.D.N.Y. 1998) and Houston v. Fid. (Nat. Fin. Servs.), No. 95 Civ. 7764 (RWS), 1997 WL 97838, at *10 (S.D.N.Y. Mar. 6, 1997) is misplaced.

In Ponticelli, the Court declined to exercise supplemental jurisdiction over a NYSHRL claim because it determined that the state law, whether employee supervisors could be held liable as aiders and abettors under the NYSHRL, was unsettled and because of the potential for confusion on liability and remedies that would result from having the individual defendants in the case. 16 F. Supp. 2d at 440.  In Houston, the Court declined the exercise of supplemental jurisdiction over state law claims against individual defendants in a Title VII and ADEA action, citing both jury confusion and the unsettled nature of state law as grounds. 1997 WL 97838, at *10–*11.

9

Here, by contrast, the Court does not find that the proposed NYSHRL claim against Dr. Puopolo raises particularly complex or novel issues of state law, nor does it find that there is any significant potential for jury confusion that will prejudice the Defendant. Accordingly, the Court will retain supplemental jurisdiction over the state law claim against Dr. Puopolo. See <u>Hanley v. Chicago Title Ins. Co.</u>, No. 12 CIV. 4418 (ER), 2013 WL 3192174, at *10 n. 7 (S.D.N.Y. June 24, 2013); <u>Klein v. London Star Ltd.</u>, 26 F. Supp. 2d 689, 695 (S.D.N.Y. 1998)(distinguishing <u>Ponticelli</u> and <u>Houston</u>).

### III.  CONCLUSION

For the foregoing reasons, the Plaintiff's motion to amend the complaint is granted in part and denied in part. The motion is denied to the extent the Plaintiff seeks to interpose an ADA, ADEA, and FMLA against Dr. Puopolo. The motion is otherwise granted. The Plaintiff is directed to file an amended complaint consistent with this Decision and Order within 14 days of the date of this order.

**SO ORDERED.**
Dated: Central Islip, New York
February 9, 2015

                                            *Arthur D. Spatt*
                                         ARTHUR D. SPATT
                                        United States District Judge